**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| SMITH INTERNATIONAL, INC., | ) <br> ) <br> ) |
| Plaintiff, | )    Case No. _____ <br> ) |
| v. | ) <br> ) |
| BAKER HUGHES INCORPORATED, | )    **JURY TRIAL DEMANDED** <br> ) |
| Defendant. | ) <br> ) |

## COMPLAINT

Plaintiff Smith International, Inc. files this Complaint against Defendant Baker Hughes Incorporated for patent infringement and seeks actual damages, exemplary damages, and injunctive relief as follows:

### I.    NATURE OF THIS ACTION

1. This is an action for patent infringement arising under the patent laws of the United States, 35 U.S.C. §§ 1, *et seq.*, and in particular 35 U.S.C. §§ 271 and 281-285.

### II.    PARTIES

2. Plaintiff Smith International, Inc. ("Smith") is a corporation organized under the laws of the State of Delaware, with its principal place of business located in Houston, Texas.

3. Defendant Baker Hughes Incorporated ("Baker Hughes") is a corporation organized under the laws of the State of Delaware, with its principal place of business located in Houston, Texas.

### III.    JURISDICTION AND VENUE

4. This Court has exclusive subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a), because this a civil action for patent infringement arising under the Patent Laws of the United States, Title 35.

1

5.     Baker Hughes is subject to personal jurisdiction in Delaware as Baker Hughes is organized under the laws of the State of Delaware.

6.     Venue is proper in this district under 28 U.S.C. §§ 1391 and 1400(b) because Baker Hughes is organized under the laws of the State of Delaware and thus is subject to personal jurisdiction in Delaware.

### IV.   U.S. PATENT NO. 6,732,817

7.     On May 11, 2004, U.S. Patent No. 6,732,817 ("the '817 Patent") was duly and legally issued by the USPTO to Charles Dewey and Wei Xu.  A true and correct copy of the '817 Patent is attached as Exhibit A.  The '817 Patent is presumed valid pursuant to 35 U.S.C. § 282.

8.     According to the Abstract, the '817 Patent is directed generally to "[a] downhole tool that functions as an underreamer, or alternatively, as a stabilizer in an underreamed borehole.  The tool includes one or more moveable arms disposed within a body having a flowbore therethrough in fluid communication with the wellbore annulus.  The tool alternates between collapsed and expanded positions in response to differential fluid pressure between the flowbore and the wellbore annulus."

9.     Claims 28-37, 39-46, and 49-50 of the '817 Patent are currently being reexamined by the USPTO.

10.    Smith is the owner by assignment of all right, title and interest in the '817 Patent.

### V.   U.S. PATENT NO. 7,314,099

11.    On January 1, 2008, U.S. Patent No. 7,314,099 ("the '099 Patent") was duly and legally issued by the USPTO to Charles Dewey and Wei Xu.  A true and correct copy of the '099 Patent is attached as Exhibit B.  The '099 Patent is presumed valid pursuant to 35 U.S.C. § 282.

12.    According to the Abstract, the '099 Patent is directed generally to "[a]n expandable downhole tool compris[ing] a tubular body having an axial flowbore extending

therethrough, at least one moveable arm, and a selectively actuatable sleeve that prevents or allows the at least one moveable arm to translate between a collapsed position and an expanded position.  A method of expanding the downhole tool comprises disposing the downhole tool within the wellbore, biasing the at least one moveable arm to a collapsed position corresponding to an initial diameter of the downhole tool, flowing a fluid through an axial flowbore extending through the downhole tool while preventing the fluid from communication with a different flowpath of the downhole tool, allowing the fluid to communicate with the different flowpath by introducing an actuator into the wellbore, and causing the at least one moveable arm to translate to an expanded position corresponding to an expanded diameter of the downhole tool."

13. The '099 Patent was previously reexamined by the USPTO, and a reexamination certificate was issued on December 16, 2014, confirming the patentability of claims 1-20, and 22-57 of the '099 Patent.  A copy of the reexamination certificate is attached as Exhibit C.

14. Smith is the owner by assignment of all right, title and interest in the '099 Patent.

### VI. BAKER HUGHES' GAUGEPRO XPR™ EXPANDABLE REAMER AND GAUGEPRO XPS™ EXPANDABLE STABILIZER

15. According to Baker Hughes' marketing materials (attached as Exhibit D), the GaugePro XPR™ expandable reamer "remains closed until triggered, opens on command, reams an in-gauge hole, and closes and comes out of the hole properly.  With a pilot bit design synchronized to the expandable reamer in a fit-for-purpose drilling assembly, you'll have an exceptional downhole operating environment."

16. Also according to Baker Hughes' marketing materials (Exhibit D), the GaugePro XPS™ expandable stabilizer, "when run in combination with the expandable reamer, significantly reduces upper BHA whirl, thus reducing BHA damages and further enhancing the downhole operating environment and drilling performance."

## VII.  COUNT ONE – INFRINGEMENT OF U.S. PATENT NO. 6,732,817

17. Plaintiff restates and incorporates by reference the allegations in paragraphs 1 through 16 as if fully set forth herein.

18. Baker Hughes makes, uses, sells, and/or offers to sell the GaugePro XPR™ expandable reamer and the GaugePro XPS™ expandable stabilizer.

19. Baker Hughes has been, and still is, infringing one or more claims of the '817 Patent, including, but not limited to, claim 1 thereof, by making, using, selling and/or offering to sell the GaugePro XPR™ expandable reamer and/or the GaugePro XPS™ expandable stabilizer.

20. Baker Hughes has known of the existence of the '817 Patent and of Smith's allegations that at least Baker Hughes' GaugePro XPR™ expandable reamer infringes one or more of the claims of the '817 Patent since at least December 7, 2012.

21. Despite this knowledge, Baker Hughes has been and continues to offer for sale and/or sell the GaugePro XPR™ expandable reamer and the GaugePro XPS™ expandable stabilizer to Baker Hughes' customers with the intent that they use the GaugePro XPR™ expandable reamer and/or the GaugePro XPS™ expandable stabilizer in a wellbore and thereby directly infringe one or more of the claims of the '817 Patent.

22. The GaugePro XPR™ expandable reamer and the GaugePro XPS™ expandable stabilizer, as offered for sale and/or sold by Baker Hughes, are material components of the invention claimed by the '817 Patent, are especially made in a manner that would infringe the '817 Patent, are not staple articles in commerce and have no substantial non-infringing uses.

23. Accordingly, Baker Hughes has been and continues to induce and contribute to the direct infringement of one or more of the claims of the '817 Patent.

24. In light of Baker Hughes' knowledge of the '817 Patent and Smith's allegations of infringement since at least December 7, 2012, Baker Hughes' infringement of the '817 patent has been willful since at least that date.

### VIII.   COUNT TWO – INFRINGEMENT OF U.S. PATENT NO. 7,314,099

25. Plaintiff restates and incorporates by reference the allegations in paragraphs 1 through 24 as if fully set forth herein.

26. Baker Hughes makes, uses, sells, and/or offers to sell the GaugePro XPR™ expandable reamer and the GaugePro XPS™ expandable stabilizer.

27. Baker Hughes has been, and still is, infringing one or more claims of the '099 Patent, including, but not limited to, claim 22 thereof, by making, using, selling and/or offering to sell the GaugePro XPR™ expandable reamer and/or the GaugePro XPS™ expandable stabilizer.

28. Baker Hughes has known of the existence of the '099 Patent and of Smith's allegations that at least Baker Hughes' GaugePro XPR™ expandable reamer infringes one or more of the claims of the '099 Patent since at least December 7, 2012.

29. Despite this knowledge, Baker Hughes has been and continues to offer for sale and/or sell the GaugePro XPR™ expandable reamer and/or the GaugePro XPS™ expandable stabilizer to Baker Hughes' customers with the intent that they use the GaugePro XPR™ expandable reamer and/or the GaugePro XPS™ expandable stabilizer in a wellbore and thereby directly infringe one or more of the claims of the '099 Patent.

30. The GaugePro XPR™ expandable reamer and the GaugePro XPS™ expandable stabilizer, as offered for sale and/or sold by Baker Hughes, are material components of the

invention claimed by the '099 Patent, are especially made in a manner that would infringe the '099 Patent, and are not staple articles in commerce and have no substantial non-infringing uses.

31. Accordingly, Baker Hughes has been and continues to induce and contribute to the direct infringement of one or more of the claims of the '099 Patent.

32. In light of Baker Hughes' knowledge of the '099 Patent and Smith's allegations of infringement since at least December 7, 2012, Baker Hughes' infringement of the '099 patent has been willful.

## IX. PRAYER FOR RELIEF

WHEREFORE, Smith prays for judgment and seeks relief against Baker Hughes as follows:

(a) For a judgment that one or more claims of the '817 Patent has been and continues to be infringed by Baker Hughes;

(b) For a judgment that one or more claims of the '099 Patent has been and continues to be infringed by Baker Hughes;

(c) For a judgment and an award of all damages sustained by Smith as the result of Baker Hughes' acts of infringement, including supplemental damages for any continuing post-verdict infringement up until entry of the final judgment, with an accounting as needed;

(d) For a preliminary and permanent injunction enjoining Baker Hughes from infringing any claims of the '817 and '099 Patents;

(e) For a judgment and an award of enhanced damages for willful infringement of the '817 and '099 Patents pursuant to 35 U.S.C. § 284;

(f) For a judgment and an award of attorneys' fees pursuant to 35 U.S.C. § 285 or as otherwise permitted by law;

(g) For a judgment and an award of all interest and costs; and

(h) For a judgment and an award of such other and further relief as the Court may deem just and proper.

## X. JURY DEMAND

Smith demands a trial by jury.

Dated: January 29, 2016

PHILLIPS, GOLDMAN & SPENCE, P.A.

*/s/ John C. Phillips, Jr.*
John C. Phillips, Jr. (No. 110)
Megan C. Haney (No. 5016)
1200 North Broom Street
Wilmington, Delaware 19806-4204
Telephone: (302) 655-4200
Facsimile: (302) 655-4210
jcp@pgslaw.com
mch@pgslaw.com

*Attorneys for Plaintiff Smith International, Inc.*