IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| SMITH INTERNATIONAL, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | C.A. No. 16-56 (SLR) |
| | ) | |
| BAKER HUGHES INCORPORATED, | ) | |
| | ) | |
| Defendant. | ) | |

# DEFENDANT'S REPLY BRIEF IN SUPPORT OF ITS
# MOTION TO TRANSFER VENUE

MORRIS, NICHOLS, ARSHT & TUNNELL LLP
Rodger D. Smith II (#3778)
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899
(302) 658-9200
rsmith@mnat.com

*Attorneys for Defendant*

OF COUNSEL:

J. Clifford Gunter III
Stephen B. Crain
L. Andrew Taggart
BRACEWELL LLP
711 Louisiana Street
Suite 2300
Houston, TX  77002

July 11, 2016

Defendant Baker Hughes Incorporated ("Baker Hughes") files this Reply Brief in Support of Its Motion to Transfer Venue.

## I. INTRODUCTION

Plaintiff's Brief does not address the substantive issues raised by Baker Hughes with regard to witnesses that may be unavailable in Delaware, or the work performed by the Southern District of Texas. Furthermore, Plaintiff mischaracterizes Baker Hughes' Motion as stating venue is improper in the District of Delaware. Baker Hughes does not argue that venue is improper in Delaware, but that the Southern District of Texas is a more appropriate venue. Plaintiff's arguments that the case management statistics weigh against transfer at best make the factor neutral, which means that it neither favors nor disfavors transfer. Plaintiff's arguments are merely a request for this Court to ignore the facts of this case, and deny Baker Hughes' Motion because both parties are incorporated in Delaware. This position is improper and should be rejected by this Court. Baker Hughes respectfully request that the Court grant its Motion and transfer this case to the Southern District of Texas.

## II. ARGUMENT

### A. Plaintiff has failed to demonstrate that material witnesses will be available for trial

Plaintiff mischaracterizes Baker Hughes' argument regarding the availability of witnesses in Delaware, and fails to present any support for its arguments regarding the alleged availability of material witnesses at trial. First, Delaware courts have analyzed where witnesses reside without regard to their availability, but instead with regard to their convenience. *See Burstein v. Applied Extrusion Tech., Inc.*, 829 F. Supp. 106, 111 (D. Del. 1992) (finding that defendant met its burden of showing that the overall convenience supported transfer when the majority of witnesses resided in transferee state). Furthermore, regardless of convenience, Smith

provides no evidence that Schlumberger employees, the Conley Rose, P.C. attorneys responsible for prosecuting the '817 Patent, and/or the inventors of the patents at issue will be available for trial in Delaware.

Indeed, Plaintiff fails to state whether or not the inventors are still employees of either Smith or Schlumberger. As pointed out in Baker Hughes's Motion, the last known addresses for the inventors of both the '817 Patent and the '099 Patent are in Houston, Texas. *See* D.I. 8 at 8. It is also unclear whether the inventors are employees of Smith, the Plaintiff, or Schlumberger, who is not a party to this case. If the inventors are not employees of Smith, it is unclear how Smith can guarantee their presence at trial based on its Response to Baker Hughes' Motion.

Similarly, the prosecuting attorneys from Conley Rose who prosecuted both patents are material to this case. *See id.* As discussed, however, their offices are in Houston, Texas. *See id.* Plaintiff fails to explain whether they will be available at trial. Finally, Plaintiff does not dispute that the vast majority of witnesses are located in Houston, Texas and are not located in Delaware. Therefore, the Southern District of Texas would be a much more convenient venue for the material witnesses needed for trial. *See Burnstein*, 829 F. Supp. at 11.

## B. The Southern District of Texas is More Familiar With the Case

Plaintiff incorrectly suggests that the Southern District of Texas has not had any substantive experience with the patents involved in this case. The Southern District of Texas dealt with these patents substantively on more than one occasion. First, Baker Hughes moved to dismiss the claims regarding the '817 Patent and the '099 Patent for failure to state a claim. Schlumberger responded, and the Texas court ultimately agreed with Baker that the claims were not properly pled, and allowed Schlumberger to amend its pleadings for the '817 Patent and the

'099 Patent. The Texas court also conducted two days of mediation, including the allegations of infringement of the '817 Patent and the '099 Patent. After all of this, the Texas court agreed with Baker Hughes and dismissed Schlumberger's claims regarding the '817 Patent and the '099 Patent. For the Texas court to have come to this conclusion, it necessarily must have substantively reviewed the allegations made by Schlumberger regarding the '817 and '099 Patents. Accordingly, Smith is incorrect that "nothing substantive has been completed by the Southern District Court." Consequently, the Southern District of Texas has more familiarity with this case, which weighs in favor of transferring this case to Texas.

### C. This is the same case as filed in Southern District of Texas

Plaintiff argues that this is a different case from the one filed in the Southern District of Texas that had to be filed in the Southern District due its fraud and breach of contract claims. *See* D.I. 14 at 6. Plaintiff ignores, however, that Smith, Schlumberger and Specialised Petroleum filed the allegations of patent infringement regarding the '817 and '099 Patents as part of the case that involved Schlumberger's fraud claims, breach of contract claims, and other allegations of patent infringement regarding U.S. Patent Nos. 6,152,220, and 5,515,038. Indeed, the allegations regarding the '817 and '099 Patents did not have to be filed with the other claims, but Smith and its co-plaintiffs choose to do so. Thus, this is not a new case, but a refiling of the only potential claims left in the Southern District of Texas after Smith, Schlumberger, and Specialised Petroleum lost on their fraud claims, for which there was "a total lack of evidence to support." *Schlumberger Tech. Corp. v. Baker Hughes Inc.*, Civ. Action No. H-12-cv-3573, 2015 WL 8491044 at *1 (S.D. Tex. Dec. 10, 2015).

### III. CONCLUSION

As discussed above and in Baker Hughes' Opening Brief in Support of its Motion to Transfer, transferring this case to the Southern District of Texas is appropriate.  Indeed, the parties, all material witnesses, and exemplar products are located in the Southern District of Texas.  The Southern District of Texas has existing, extensive experience with these parties and this dispute.  And it is where Smith originally filed these same claims.  Thus, it is more convenient for the parties and witnesses, and is otherwise in the interest of justice.  Accordingly, Baker Hughes respectfully requests that the Court grant its Motion to Transfer and transfer this case to the Southern District of Texas.

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ Rodger D. Smith II*

Rodger D. Smith II (#3778)
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899
(302) 658-9200
rsmith@mnat.com

OF COUNSEL:

J. Clifford Gunter III
Stephen B. Crain
L. Andrew Taggart
BRACEWELL LLP
711 Louisiana Street
Suite 2300
Houston, TX  77002

July 11, 2016

*Attorneys for Defendant*

## **CERTIFICATE OF SERVICE**

I hereby certify that on July 11, 2016, I caused the foregoing to be electronically filed with the Clerk of the Court using CM/ECF, which will send notification of such filing to all registered participants.

I further certify that I caused copies of the foregoing document to be served on July 11, 2016, upon the following in the manner indicated:

| | |
|---|---|
| John C. Phillips, Jr.<br>Megan C. Haney<br>PHILLIPS, GOLDMAN & SPENCE, P.A.<br>1200 North Broom Street<br>Wilmington, DE  19806-4204<br>   *Attorneys for Plaintiff* | *VIA ELECTRONIC MAIL* |
| John R. Keville<br>Tyler T. VanHoutan<br>WINSTON & STRAWN LLP<br>1111 Louisiana St., 25th Floor<br>Houston, TX  77002<br>   *Attorneys for Plaintiff* | *VIA ELECTRONIC MAIL* |

*/s/ Rodger D. Smith II*

Rodger D. Smith II (#3778)