IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

SMITH INTERNATIONAL, INC.,          )
                                    )
            Plaintiff,              )
                                    )
      v.                            )  Civ. No. 16-56-SLR/SRF
                                    )
BAKER HUGHES INCORPORATED,          )
                                    )
            Defendant.              )

**MEMORANDUM ORDER**

At Wilmington this 19th day of October, 2016, having reviewed the objections

filed by defendant Baker Hughes Incorporated ("Baker") to the Report and

Recommendation issued by Magistrate Judge Fallon on August 10, 2016, as well as the

response thereto filed by plaintiff Smith International, Inc. ("Smith");

IT IS ORDERED that the Report and Recommendation (D.I. 24) is affirmed and

the objections (D.I. 26) overruled, for the reasons that follow:

1. **Legal standard.** I review objections to a magistrate judge's nondispositive

pretrial rulings under a "clearly erroneous and contrary to law" standard of review,

pursuant to 28 U.S.C. § 636(b)(1)(A) and Fed. R. Civ. P. 72(a).*See, e.g.,*

*ImageVision.Net, Inc. v. Internet Payment Exchange, Inc.*, 2012 WL 5599338 (D. Del.

Nov. 15, 2012) (applying standard to motion to stay); *Thomas v. Exxon Mobil Oil Corp.,*

2007 WL 1035159 (N.D. Ind. April 2, 2007) (applying standard to motion to transfer).

Under a "clearly erroneous" standard, I will only set aside factual findings if "left with the

definite and firm conviction that a mistake has been committed." *Green v. Fornario,* 486 F.3d 100, 104 (3d Cir. 2007) (citing *Concrete Pipe & Prods. of Cal., Inc. v. Constr. Laborers Pension Trust for S. Cal.,* 508 U.S. 602, 622 (1993)). A magistrate judge's decision is contrary to law "when the magistrate judge has misinterpreted or misapplied the applicable law." *Doe v. Hartford Life & Accident Ins. Co.*, 237 F.R.D. 545, 548 (D. N.J. 2006). I may not consider evidence and materials not before the magistrate judge. *Haines v. Liggett Group Inc.,* 975 F.2d 81, 92 (3d Cir. 1992); *Leader Techs., Inc. v. Facebook, Inc.*, 719 F. Supp. 2d 373, 375 (D. Del. 2010).

2. **Background.** Both parties are Delaware corporations with their respective principal places of business in Houston, Texas. Smith brought the above captioned suit against Baker, asserting infringement of two patents, United States Patent Nos. 6,732,817 ("the '817 patent") and 7,314,099 ("the '099 patent"), which disclose oil and gas drilling equipment. The parties had been involved in previous litigation, including a suit filed by plaintiff's affiliate[1] in the Southern District of Texas alleging breach of contract of several patent dispute resolution agreements, fraud in the inducement of the agreements, and infringement of the '817 and '099 patents. Upon Baker's motion to dismiss, the Southern District of Texas issued an order that, inter alia, denied the motion to dismiss without prejudice and permitted amendment of the patent claims.[2] In lieu of filing an amended complaint, Smith voluntarily dismissed its case in Texas and filed the instant patent infringement suit in Delaware. Baker filed a motion to transfer

---

[1]Schlumberger Technology and Specialized Petroleum.

[2]The Court concluded as well that the arbitrable breach of contract claims should proceed to arbitration.

2

the litigation to the Southern District of Texas.  By her Report & Recommendation, Judge Fallon recommended that the motion to transfer be denied.

3. **Discussion.**  Judge Fallon correctly recited the governing statute, 28 U.S.C. § 1404(a), as interpreted by the Third Circuit in *Jumara v. State Farm Ins. Co.,* 55 F.3d 873 (3d Cir. 1995), and by this judicial officer in, e.g., *FastVDO LLC v. Paramount Pictures Corp.*, 947 F. Supp. 2d 460 (D. Del. 2013).  And, indeed, Baker's objections are directed to the discretionary weight given to the various factors reviewed in a transfer analysis, not on any legal error per se.

4. As noted by Judge Fallon, a party's state of incorporation is a traditional and legitimate venue, and plaintiffs (the alleged injured parties) have historically been accorded the privilege of choosing their preferred venue for pursuing their claims.  Because transfer under § 1404(a) is a matter of discretion, it is a defendant's burden to persuade the court to exercise its discretion and change plaintiff's initial choice of venue.  The question, then, is not which venue is most convenient for a defendant but, rather, is the plaintiff's choice of venue so inconvenient to defendant that the interests of justice call out for a transfer.

5. I recognize, as I have in many other cases, that pursuing litigation closer to a defendant's principal place of business is more convenient and less costly for the defendant.  Nevertheless, there can be no dispute that Baker is a large corporation with a global business[3] that chose to incorporate in Delaware.  In terms of the practicalities

---

[3]*See, e.g.,* https://www.bakerhughes.com/company/about ("With 36,000 employees in more than 80 countries. . . .").

of patent litigation, discovery is generally a local event[4] and trial a limited event.[5] The two factors called out by Baker that arguably make this case different from most are that (1) the parties have litigated in the Southern District of Texas, and (although Baker is an international player) (2) it has "never manufactured, used, or sold the Baker Hughes Accused Tools in Delaware." (D.I. 27)  With respect to the latter, to the best of my knowledge, this information was not shared with Judge Fallon and, therefore, will not be considered by me in reviewing her Report and Recommendation.  With respect to the former, and as explained by Judge Fallon, the prior litigation in the Southern District of Texas involved multiple parties and multiple issues, some of which[6] compelled suit in that district.  Moreover, the judge in the Southern District of Texas dismissed the patent infringement claims without substantively addressing either the '817 or '099 patents.  Judge Fallon's reasoning and conclusions are neither clearly erroneous nor contrary to law.

_____

[4]Document production is almost universally accomplished electronically, and depositions generally are taken where it is most convenient for the deponents.

[5]Of course, relatively few cases are resolved by trial.  Even then, the trial schedule is established through discussions with counsel, the hours of trial are limited according to the court's calendar and the matters in dispute, and witnesses who cannot or will not attend trial can still present testimony through the electronic presentation of their trial depositions.

[6]"Specifically, the Texas action included claims for breach of contract of two patent alternative dispute resolution agreements, as well as fraud in the inducement of those contracts. . . .  The contracts are governed by Texas law and contain choice of law provisions requiring litigation to proceed in Texas." (D.I. 24 at 6-7)

4

IT IS FURTHER ORDERED that Baker's motion to transfer (D.I. 8) is denied.

_____
United States District Judge